CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 25 2011
JULIA C. DUDLEY, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 5:09CR00016-01 |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| RYAN DUANE DENT, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Chief United States District Judge |

This case is presently before the court on the issue of whether the defendant should receive a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines. For the following reasons, the court will reduce the defendant's term of imprisonment.

On September 22, 2009, the defendant, Ryan Duane Dent, pled guilty to one count of distributing five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and four counts of distributing a measurable quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Under the advisory sentencing guidelines, the defendant had a total offense level of 30 and a criminal history category of VI, resulting in a guideline range of imprisonment of 168 months to 210 months. The court ultimately varied from the guideline range and imposed a 151-month term of imprisonment.

Pursuant to its statutory authority, the United States Sentencing Commission has promulgated a permanent amendment to the sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, which implements the provisions of the Fair Sentencing Act of 2010 (Amendment 750). On June 30, 2011, the Sentencing Commission further decided that, effective November 1, 2011, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that

certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

Under the amended guidelines, the defendant has a total offense level of 26 and a criminal history category of VI, resulting in a guideline range of imprisonment of 120 to 150 months. On August 17, 2011, the court notified the parties that the court proposed to reduce the defendant's term of imprisonment from 151 months to 120 months. The defendant subsequently filed responses to the notice. Having reviewed the record and considered the defendant's responses, the court is convinced that the proposed reduction is appropriate.[1] Accordingly, the court will reduce the defendant's term of imprisonment to 120 months.[2] All other terms of the original sentence will remain the same.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 25th day of October, 2011.

_____
Chief United States District Judge

---

[1] To the extent the defendant seeks a term of imprisonment that is less than 120 months, the defendant's request is denied. In the instant case, the defendant was subject to an enhanced statutory minimum term of imprisonment of 120 months as a result of having a prior conviction for a felony drug offense. See 21 U.S.C. § 841(b)(1)(B) (2009) (requiring a period of incarceration of not less than 10 years for an offense involving 5 grams or more of cocaine base, if the defendant committed the violation after a prior conviction for a felony drug offense had become final). Although § 841(b)(1)(B) was recently amended by the Fair Sentencing Act, the changes to the statute do not apply retroactively to reduce or eliminate the mandatory minimum penalties to which the defendant was subject at the time of his original convictions. See United States v. Bullard, 645 F.3d 237, 248 (4th Cir. 2011) (holding that the Fair Sentencing Act does not apply retroactively to defendants sentenced before it was enacted). Likewise, the amended guideline provisions applicable to crack cocaine offenses do not alter or affect the mandatory minimum penalties required by statute. See U.S.S.G. § 1B1.10 app. n. 1(a). As a result, the defendant is still subject to a statutory mandatory minimum term of imprisonment of 120 months, and the court is not authorized to impose a sentence below the mandatory minimum.

[2] The defendant is reminded that the amended guideline provisions do not become effective until November 1, 2011, and that they will not begin to apply retroactively until that date.

2