CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAY 29 2012

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 5:09CR00016-01 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| RYAN DUANE DENT, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Chief United States District Judge |

In December of 2009, defendant Ryan Duane Dent was sentenced in connection with multiple convictions, including one count of distributing five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). On October 25, 2011, the court granted a motion for reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines, and reduced the defendant's term of imprisonment from 151 months to 120 months. The court advised the defendant that it was not authorized to impose a lesser sentence, since the defendant was subject to a statutory minimum term of imprisonment of 120 months under § 841(b)(1)(B), as a result of having a prior conviction for a felony drug offense.

The defendant has now filed motions for reconsideration in which he contends that his sentence enhancement under § 841(b)(1)(B) was improper in light of the United States Court of Appeals for the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Having considered the defendant's motions and the response filed by the government, the court concludes that the motion must be denied.

At the time of the defendant's convictions, § 841(b)(1)(B) required the court to impose a term of imprisonment of at least ten years for an offense involving five grams or more of cocaine base, if the defendant committed the violation after a "prior conviction for a felony drug offense

ha[d] become final." 21 U.S.C. § 841(b)(1)(B) (2006).* A "felony drug offense," for purposes of the statute, is an offense "punishable by imprisonment for more than one year under any law of the United States or of a State . . . that prohibits or restricts conduct relating to narcotic drugs ." 21 U.S.C. § 802(44) (2006). "A state drug offense punishable by more than one year therefore qualifies as a 'felony drug offense,' even if state law classifies the offense as a misdemeanor." Burgess v. United States, 553 U.S. 124, 126-127 (2008).

At the time of the offenses charged in the instant case, the defendant had been convicted of possessing cocaine in violation of Maryland Code, Art. 27, § 287(e). While characterized as a misdemeanor under Maryland law, the offense carried a maximum term of imprisonment of four years. See Md. Code, Art. 27, § 287(e) (now codified at Md. Code Ann., Crim. Law 5-601(c)(1)). Consequently, the defendant's Maryland conviction constituted a "felony drug offense" for purposes of § 841(b)(1)(B). See Burgess, supra; see also United States v. Kellam, 568 F.3d 125, 142 n. 25 (4th Cir. 2009) (accepting that a conviction for possession of cocaine under Maryland law is a felony drug offense); Ellis v. United States, Case No. 00-0197, 2010 U.S. Dist. LEXIS 96598, at *12 (D. Md. Sept. 14, 2010) (holding that the petitioner's prior conviction for possession of cocaine subjected him to an enhanced sentence, even though the offense was characterized as a misdemeanor under Maryland law).

Having reviewed the applicable case law, the court remains convinced that the defendant is subject to an enhanced mandatory minimum term of imprisonment as a result of his prior conviction. Contrary to the defendant's assertions, the Fourth Circuit's recent decision in

---

* Although § 841(b)(1)(B) was recently amended by the Fair Sentencing Act, the changes to the statute do no apply retroactively to reduce or eliminate the mandatory minimum penalties to which the defendant was subject at the time of his original convictions. See United States v. Bullard, 645 F.3d 237, 248 (4th Cir. 2011) (holding that the Fair Sentencing Act does not apply retroactively to defendants sentenced before it was enacted).

Simmons does not undermine the court's disposition of this issue. In Simmons, as the government explains in its response, the Fourth Circuit examined the "unique" sentencing regime mandated by the North Carolina Structured Sentencing Act, pursuant to which the State must satisfy certain conditions before a Class I felony subjects an offender to a term of imprisonment exceeding twelve months. See Simmons, 649 F.3d at 241 (explaining that a North Carolina Class I felony is punishable by a term of imprisonment of more than twelve months only if the State proves the existence of aggravating factors that warrant the imposition of an aggravated sentence, and that the defendant possesses fourteen or more criminal history points). The sentencing regime described in Simmons does not exist in Maryland and, thus, the decision provides no basis for relief in the instant case. For these reasons, the defendant's motions for reconsideration must be denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order o the defendant and all counsel of record.

ENTER: This 29th day of May, 2012.

_____
Chief United States District Judge